IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION
ROWAN COUNTY, NORTH CAROLINA FILED

Mark Anthony Augustus Taylor Jr.,
a private civilian, proceeding in full capacity as man under law,
**Petitioner,**

2025 JUN -5 P 3: 31

ROWAN CO., C.S.C.

v.

BY BA

**Town of Spencer,** a municipal body politic;
**Officer A. Niblock #338,** in his individual and official capacity;
**Officer T. Puckett #415,** in his individual and official capacity;
**Officer C. Smith #*,** in his individual and official capacity;
**Officer #420 Jayce Dryden,** in his individual and official capacity; and
**Four Unnamed Officers of the Spencer Police Department,** four unidentified officers, in their individual and official capacity,
**Respondents**

Case No: 25CVS 1313 _____ [To be assigned by Clerk]

## PETITION FOR CONSTITUTIONAL VIOLATION, EQUITABLE RELIEF, AND DEMAND FOR JURY TRIAL

*Pursuant to Article I, Section 25 of the North Carolina Constitution and the Seventh and Fourteenth Amendments to the United States Constitution*

### I. PARTIES

1) **Petitioner**, Mark Anthony Augustus Taylor Jr., is a private civilian domiciled in Rowan County, North Carolina. He brings this action in his natural capacity, as one vested under God with unalienable rights secured under the North Carolina Constitution and the Constitution for the United States of America. At all times relevant, Petitioner lawfully possessed and operated a commercial vehicle under valid contract and suffered violations of due process, liberty, property, and equity without warrant, lawful authority, or judicial process.

2) **Respondent Town of Spencer** is a municipal body chartered under the laws of the State of North Carolina and may be held liable for the acts of its officers and agents performed under color of law. The Town is responsible for training, supervising, and correcting its officers, and it acts through delegated public trust. Its inaction and failure to remedy violations herein constitute constructive fault and fiduciary breach under constitutional law.

3) **Respondents A. Niblock, T. Puckett, C. Smith, and Jayce Dryden** are officers of the Town of Spencer Police Department who, at all times material to this complaint, acted under the color of local authority and beyond the scope of lawful duty. Their individual and collective conduct—including unlawful detention, seizure without warrant, trespass, denial of due process, and retaliatory enforcement—gives rise to constitutional torts and breaches of law and equity, for which they are liable in both individual and official capacities.

## II. JURISDICTIONAL STATEMENT

1) This Court has original jurisdiction over this matter pursuant to Article IV, Section 1 of the North Carolina Constitution, which vests the judicial power of the State in the General Court of Justice, and pursuant to Article I, Section 18, which guarantees every person access to the courts and a remedy by due course of law for any injury to their person, property, or reputation.
2) Venue is proper in the Superior Court of Rowan County, where the events giving rise to this action occurred and where the municipal defendants and public officers named herein acted under the color of local authority.
3) This action arises under the self-executing constitutional provisions of the North Carolina Declaration of Rights, including but not limited to:
Article I, Section 1, protecting the right to the enjoyment of the fruits of one's labor and individual liberty;
Section 2, affirming that all political power is derived from the people and may be exercised only by delegation;
Section 18, securing access to courts and the right to redress for injury;
Section 19, protecting against deprivation of liberty or property but by the law of the land;
Section 22, guaranteeing a remedy for injuries to property, person, and reputation;
Section 23, ensuring the right of the accused to be informed and confront allegations in criminal matters; and
Section 25, preserving the sacred and inviolable right to a jury trial in controversies at law.
4) These provisions are enforceable directly through the North Carolina Constitution without the need for statutory enactment, as recognized in Corum v. University of North Carolina, 330 N.C. 761 (1992), and grant this Court both subject matter jurisdiction and equitable authority to adjudicate violations of Petitioner's fundamental rights by public officers acting ultra vires and under color of law.
5) In the alternative, should this matter be removed to the United States District Court, federal question jurisdiction would lie pursuant to:
28 U.S.C. § 1331 (federal question),
28 U.S.C. § 1343(a)(3) (civil rights deprivations under color of state law),
42 U.S.C. § 1983 (constitutional torts),
42 U.S.C. § 1985(3) (conspiracy to deprive civil rights), and
28 U.S.C. § 2201 (Declaratory Judgment Act).

## III. TABLE OF AUTHORITIES

1) <u>Constitutional Provisions</u>
North Carolina Constitution:
Article I, § 1 – Inherent Rights; Enjoyment of the Fruits of One's Labor
Article I, § 2 - Sovereignty; limits of delegated power; people as principals
Article I, § 18 – Access to Courts; Remedy by Due Course of Law

Article I, § 19 – Law of the Land Clause; Due Process and Equal Protection
Article I, § 22- Access to courts; right to effective remedy for injury
Article I, § 23- Procedural protections in criminal process (notice, confrontation)
Article I, § 25- Right to jury trial in civil actions

United States Constitution:
First Amendment – Right to Petition Government for Redress; Protection Against Retaliation
Fourth Amendment – Protection Against Unreasonable Search and Seizure
Fourteenth Amendment – Due Process and Equal Protection Clauses
Article I, § 10 – Contracts Clause (Impairment of Private Contract Rights)
Article VI, Clause 2 – Supremacy Clause (Federal Constitutional Supremacy Over Local Policy)

2) <u>Statutes</u>
North Carolina General Statutes:
N.C.G.S. § 15A-401 – Arrest by Law-Enforcement Officer
N.C.G.S. § 15A-501 – Procedure After Arrest
N.C.G.S. § 11-7- Oath of office
N.C.G.S. § 132-1 – Public Records Defined
N.C.G.S. § 132-6 – Inspection and Examination of Records
N.C.G.S. § 121-5 – Retention and Preservation of Public Records

Federal Civil Rights Statutes:
42 U.S.C. § 1983 – Civil Action for Deprivation of Constitutional Rights Under Color of Law
42 U.S.C. § 1985(3) – Conspiracy to Interfere with Civil Rights
42 U.S.C. § 1986 – Action for Neglect to Prevent Civil Rights Violations

28 U.S.C. § 1343 – Jurisdiction for Civil Rights Claims
28 U.S.C. § 2201 – Declaratory Judgment Act

3) <u>Case Law</u>
   United States Supreme Court:
   Monell v. Department of Social Services, 436 U.S. 658 (1978) – Municipal Liability Under § 1983
   County of Sacramento v. Lewis, 523 U.S. 833 (1998) – Arbitrary Conduct and Substantive Due Process
   Terry v. Ohio, 392 U.S. 1 (1968) – Standard for Seizure Under Fourth Amendment
   Paul v. Davis, 424 U.S. 693 (1976) – Stigma-Plus Doctrine in Due Process Violations
   Village of Willowbrook v. Olech, 528 U.S. 562 (2000) – Equal Protection for Arbitrary Government Action
   Hartman v. Moore, 547 U.S. 250 (2006) – Retaliation for Exercising First Amendment Rights
   Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982) – Private Misuse of State Power Constitutes State Action
   Meyer v. Nebraska, 262 U.S. 390 (1923) – Right to Livelihood and Contract Under Substantive Due Process

   Federal Courts of Appeals:
   Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004) – Failure to Investigate and Due Process Violation
   Cook v. Sheldon, 41 F.3d 73 (2d Cir. 1994) – Abuse of Process in § 1983 Context
   Brady v. Dill, 187 F.3d 104 (1st Cir. 1999) – Liability for Continued Detention Without Cause
   Silvestri v. General Motors Corp., 271 F.3d 583 (4th Cir. 2001) – Spoliation of Evidence and Adverse Inference

   North Carolina Courts:
   Corum v. University of North Carolina, 330 N.C. 761 (1992) – Direct Constitutional Tort Under State Law

State v. Carter, 322 N.C. 709 (1988) – Probable Cause and Warrant Requirement
State v. Gwyn, 372 N.C. 355 (2019) – Unlawful Arrest and Fourth Amendment Standards
McLain v. Taco Bell Corp., 137 N.C. App. 179 (2000) – Spoliation and Evidentiary Sanctions Under State Law

4) <u>Foundational Equity & Natural Law Authorities</u>
The Law of Nations, Emmerich de Vattel – Duties of Sovereigns and Limits on Public Power
Principles of Equity, Lord Kames – On Trust, Fiduciary Duty, and Remedy
Maxims of Equity:
"Equity acts upon the person."
"That which is not rebutted is admitted."
"He who fails to deny, confesses."
"Let justice be done though the heavens fall."
"Where there is a right, there is a remedy."

## IV. QUESTIONS PRESENTED

A. <u>Warrantless Detention, Seizure, and Constitutional Violations</u>
1) Did the officers of the Town of Spencer detain Petitioner without a warrant, without articulable suspicion, and without probable cause in violation of N.C.G.S. § 15A-401(b) and the Fourth Amendment of the United States Constitution?
2) Did the seizure of Petitioner's commercial vehicle, without notice, warrant, or judicial process, violate Article I, Section 19 of the North Carolina Constitution and the Due Process Clause of the Fourteenth Amendment?
3) Was Petitioner denied the right to be informed of the nature of the charges against him at the time of his detention, in violation of N.C.G.S. § 15A-501(1) and Article I, Section 23 of the North Carolina Constitution?
4) Did Respondents fail to present Petitioner before a neutral judicial officer without unnecessary delay, as required by N.C.G.S. § 15A-501(2), resulting in unlawful prolonged detention?
5) Did Respondents fail to provide Petitioner the opportunity to communicate with counsel or family, in violation of N.C.G.S. § 15A-501(5), thereby denying him a safeguard guaranteed by law?

B. <u>Property and Contractual Rights</u>

1) Did officers of the Town of Spencer refuse to review or acknowledge Petitioner's documented contract and lawful possession of the 2019 Peterbilt 579, resulting in a knowing deprivation of property without due process?
2) Did Respondents act without jurisdiction when they relied on the claims of a third party, HLH, to justify the vehicle's seizure without independent investigation or a criminal predicate?
3) Did the actions of Respondents unlawfully interfere with a valid private contract, amounting to impairment of contract in violation of Article I, § 10 of the U.S. Constitution and a breach of Petitioner's equitable interest under Article I, Section 1 of the North Carolina Constitution?
4) Did the seizure of Petitioner's commercial vehicle interfere with his lawful business operations and right to earn a living, in violation of the right to the enjoyment of the fruits of his own labor secured by Article I, Section 1 of the North Carolina Constitution and *Meyer v. Nebraska*, 262 U.S. 390 (1923)?

### C. Criminal Process Abuse
1) Was the initiation of Case No. 23CR407372 based on an improper use of police power to resolve a civil dispute, constituting abuse of criminal process under state law and violation of the Fourteenth Amendment?
2) Did any officer observe a crime, receive a sworn complaint, or possess individualized probable cause at the time the charge was initiated, or was the charge based solely on third-party hearsay?
3) Did the filing of felony charges, in the absence of probable cause, subject Petitioner to reputational harm and legal jeopardy without basis in fact or law, triggering the stigma-plus doctrine under *Paul v. Davis*, 424 U.S. 693 (1976)?

### D. Procedural and Evidentiary Violations
1) Were public records relating to the September 8, 2023 incident—including dispatch logs, officer reports, and body camera footage—destroyed, altered, or concealed in violation of N.C.G.S. §§ 132-1 and 121-5?
2) Does the failure to preserve evidence relevant to Petitioner's claims constitute spoliation, giving rise to a presumption of bad faith and denial of due course of law under Article I, Section 18 of the North Carolina Constitution?
3) Did the Town of Spencer's failure to investigate Petitioner's affidavit of harm, or to forward it to any fiduciary officer, constitute a breach of its duty to mitigate harm and dishonor of a lawful instrument under seal?

### E. Retaliation and Pattern of Harassment
1) Was the July 4, 2024 traffic stop conducted by Officer Jayce Dryden a retaliatory act in response to Petitioner's prior assertion of rights and filing of grievance, in violation of the First and Fourteenth Amendments?
2) Did Respondents use their public office to target, humiliate, and economically harm Petitioner as a form of psychological coercion, thereby abusing state authority under color of law?
3) Did the combined actions of Respondents reveal a deliberate pattern of selective enforcement and constitutional disregard, thereby supporting liability under 42 U.S.C. § 1983?

4) Did multiple Respondents coordinate their actions with a private party to carry out unlawful arrest and seizure, thereby constituting a civil conspiracy under 42 U.S.C. § 1985(3)?

F. Remedy and Jurisdictional Consequence

1) Given the multiple deprivations of liberty, property, contract rights, and access to remedy, is Petitioner entitled to a jury trial under Article I, Section 25 of the North Carolina Constitution and the Seventh Amendment to the United States Constitution?
2) Is Petitioner entitled to declaratory judgment, equitable relief, and monetary compensation for the injury caused by the conduct of Respondents under the North Carolina Constitution, 42 U.S.C. §§ 1983, 1985(3), and the principles of natural justice and equity?

## V. STATEMENT OF THE CASE

1) This is an action in equity and law brought by Mark Anthony Augustus Taylor Jr., a private civilian and natural person domiciled in Rowan County, North Carolina, arising from a series of unlawful and unconstitutional acts committed by municipal officers of the Town of Spencer, acting under the color of law but outside the scope of their lawful authority.
2) On September 8, 2023, Mr. Taylor was subjected to prolonged detention and seizure of his commercial vehicle, a 2019 Peterbilt 579, despite the absence of a warrant, sworn complaint, or probable cause.
3) Officers A. Niblock, T. Puckett, and C. Smith refused to review documentary evidence demonstrating Petitioner's lawful contractual interest in the vehicle and proceeded to remove the vehicle in reliance on the statements of a third party engaged in a civil dispute.
4) No criminal offense was witnessed, and no judicial order authorized the seizure.
5) Despite this, Petitioner was subsequently charged in Case No. 23CR407372, a felony action initiated without lawful foundation.
6) Petitioner was never informed of the charge at the time of the incident, was not promptly brought before a magistrate, and was denied the opportunity to communicate with counsel or family during the course of the detention.
7) These actions resulted in the loss of Petitioner's business equipment, interference with contract rights, reputational harm, and the initiation of a criminal prosecution unsupported by fact or law.
8) Petitioner further experienced retaliatory conduct on July 4, 2024, when Officer Jayce Dryden falsely claimed he had no license and issued a citation, despite valid identification, in what appeared to be a coordinated act of intimidation following Petitioner's prior filing of formal notice.
9) Petitioner served a notarized affidavit of harm and factual record upon the Town of Spencer and its officers. The Town failed to respond, investigate, or refer the matter to any legal or fiduciary body. In addition, public records and officer documentation related to the incident have been suppressed or destroyed, giving rise to a claim for spoliation of evidence and violation of public records law.
10) .This matter is brought pursuant to Article I, Sections 1, 2, 18, 19, 22, 23, and 25 of the North Carolina Constitution, and under 42 U.S.C. §§ 1983 and 1985(3), to remedy

constitutional violations, fiduciary breaches, and damages arising from the unlawful use of state authority.
11) Petitioner seeks declaratory judgment, equitable relief, compensatory and punitive damages, and a trial by jury.

## VI. STATEMENT OF FACTS

1) Petitioner, **Mark Anthony Augustus Taylor Jr.**, is a private civilian and natural man domiciled in Rowan County, North Carolina. At all relevant times, Petitioner operated a commercial enterprise and was in lawful possession of a **2019 Peterbilt 579 truck**, secured by valid contractual agreement.
2) On **September 8, 2023**, while present at **1727 North Lee Street, Salisbury, North Carolina**, Petitioner was approached by multiple officers of the **Town of Spencer Police Department**, including Officers **T. Puckett, A. Niblock, and C. Smith**.
3) During this encounter, which lasted approximately **90 minutes**, Petitioner presented to the officers a complete set of documents establishing his lawful possessory and equitable interest in the commercial vehicle, including contract documentation and evidence of his business use of the truck.
4) The officers refused to examine the documentation or consider its legal significance. Instead, they acted on information allegedly provided by a third party, **HLH**, who was involved in a separate civil dispute with Petitioner regarding the vehicle.
5) At no time did the officers produce a warrant, state the existence of a warrant, provide notice of any charge, or inform Petitioner of any judicial basis for detainment or seizure of property.
6) Petitioner repeatedly informed the officers that their actions were interfering with a private contract, and that the dispute was civil in nature. He explicitly warned that their conduct would result in legal liability if they proceeded without review or lawful process.
7) Despite these warnings and the absence of any criminal conduct witnessed, the officers permitted a tow truck to remove the 2019 Peterbilt 579 from the premises, without giving Petitioner the opportunity to secure payment, remove equipment, or safeguard his financial interests.
8) During the course of this event, Officer **T. Puckett** entered the fenced backyard of Petitioner's family residence without consent, warrant, or exigent circumstances. Petitioner, startled by the officer's armed presence, attempted to de-escalate the situation but was rushed by Officer **A. Niblock**, who did not identify any cause for arrest.
9) Fearing imminent bodily harm and seeing no lawful explanation for the officer's conduct, Petitioner fled the scene out of instinct and fear for his safety. At no point did Petitioner engage in resistance, make threats, or commit a criminal act.
10) Following this incident, Petitioner was charged under **Case No. 23CR407372**, a felony criminal case initiated without a warrant, without sworn complaint, and without independent investigation. Petitioner was not taken before a magistrate in a timely manner, nor was he advised of the basis for the charge during or immediately after the incident.
11) As a result of the seizure and criminal charge, Petitioner lost access to his commercial vehicle, was unable to collect payments due under active contracts, suffered reputational harm within his business network, and experienced prolonged disruption to his economic livelihood.

12) The events also caused emotional and psychological injury, public humiliation in front of family members and his young child, and distress over the unlawful targeting of his peaceful, lawful activities.
13) On **July 4, 2024**, Petitioner was again stopped by Officer **Jayce Dryden** of the Town of Spencer Police Department. Although Petitioner produced a valid Kansas driver's license, Officer Dryden falsely claimed Petitioner was unlicensed, issued a citation without basis, and surrounded Petitioner's vehicle with multiple armed officers.
14) Petitioner believes this encounter was retaliatory in nature, following Petitioner's prior notice of constitutional harm and his filing of a notarized affidavit of facts and injury related to the September 2023 incident.
15) Petitioner formally served the **Town of Spencer**, its officers, and agents with a **notarized affidavit** describing the events and asserting his claim of harm. No rebuttal, investigation, or response was received. No offer to correct or examine the matter was extended by any party.
16) Petitioner later sought access to public records, including police reports, dispatch logs, and body camera footage related to the incident. These records were withheld, destroyed, or reported as unavailable without lawful explanation.
17) Petitioner affirms that the destruction or suppression of these public records constitutes **spoliation of evidence**, a breach of public trust, and an obstruction of Petitioner's right to remedy by due course of law.
18) Petitioner continues to suffer economic injury, legal jeopardy, reputational damage, and emotional distress as a direct result of the actions taken by agents of the Town of Spencer under color of law and in violation of constitutional protections.

## VII. ARGUMENT

### A. WARRANTLESS DETENTION, SEIZURE, AND CONSTITUTIONAL VIOLATIONS

1) Petitioner was detained by Respondents without a warrant, without probable cause, and without observing any offense committed in their presence, as required under N.C.G.S. § 15A-401(b). The officers' conduct constitutes an unlawful seizure in violation of the Fourth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution.
2) The officers failed to inform Petitioner of the reason for his detention or any pending charges, in violation of N.C.G.S. § 15A-501(1) and Article I, Section 23. This failure not only denied Petitioner procedural due process, it denied him his sacred right to confront his accuser and to meaningfully resist unlawful power.
3) Despite detaining Petitioner for over ninety minutes, Respondents made no attempt to bring him before a judicial officer, as mandated by N.C.G.S. § 15A-501(2). This procedural omission reveals not mere negligence, but a deliberate bypass of lawful due process to execute an outcome predetermined by private interests.
4) Petitioner was denied the right to communicate with counsel or family during the detention. N.C.G.S. § 15A-501(5) expressly guarantees this right, and its violation stripped Petitioner of critical protections while being subjected to a hostile and intimidating seizure of property and person.
5) These actions reflect color of law abuse and constitutional violations actionable under 42 U.S.C. § 1983. The above failures, taken together, form a pattern of systemic neglect,

intentional abuse, and disregard for basic liberty safeguards under both federal and state constitutions.

## B. DEPRIVATION OF PROPERTY AND CONTRACTUAL RIGHTS

1) Respondents' actions resulted in the warrantless seizure of Petitioner's commercial vehicle—a 2019 Peterbilt 579—without judicial order, lawful complaint, or probable cause. Article I, Section 19 of the North Carolina Constitution and the Fourteenth Amendment's Due Process Clause prohibit such takings without prior notice, hearing, or opportunity to be heard.

2) Petitioner was in lawful possession of the vehicle by virtue of a valid private contract, supported by evidence presented to the officers. Their refusal to review such evidence constitutes deliberate indifference and a denial of Petitioner's lawful equitable interest in the contract, violating Article I, Section 1 of the North Carolina Constitution and Article I, § 10 of the U.S. Constitution, which bars state impairment of contract.

3) The destruction of Petitioner's business operations resulting from the unlawful seizure infringed upon his constitutionally secured right to earn a living and enjoy the fruits of his labor. This right, affirmed in *Meyer v. Nebraska*, 262 U.S. 390 (1923), and protected under Article I, Section 1 of the North Carolina Constitution, was knowingly obstructed by Respondents acting under color of law.

## C. ABUSE OF CRIMINAL PROCESS AND CIVIL CONSPIRACY

1) The initiation of Case No. 23CR407372 was executed not to address a crime, but to settle a private civil dispute through the unlawful use of criminal process. Such misuse of state authority for private purposes is not only an abuse of discretion but a perversion of the criminal justice system, violating both the Fourteenth Amendment and Article I, Section 18.

2) No sworn complaint, observation of criminal conduct, or individualized probable cause existed at the time of the charge's initiation. Instead, Respondents relied on hearsay from HLH, a private party with a financial motive to misrepresent the truth. The resultant reputational and legal harm imposed on Petitioner triggers the *stigma-plus* doctrine recognized in *Paul v. Davis*, 424 U.S. 693 (1976).

3) The joint conduct of officers, municipal agents, and HLH constitutes a civil conspiracy to deprive Petitioner of his rights under 42 U.S.C. § 1985(3). Each actor operated in distinct legal capacity—governmental or private—but shared a common purpose and scheme to injure Petitioner unlawfully.

4) This conduct also implicates criminal statutes. Under 18 U.S.C. § 241, it is a federal offense for two or more persons to conspire to injure, oppress, or intimidate any person in the free exercise of rights secured by the Constitution. Under § 242, it is unlawful for any person acting under color of law to willfully deprive another of rights protected by the Constitution or laws of the United States. While this action seeks civil redress, these statutes illustrate that the acts complained of are already deemed unlawful by Congress, bolstering the credibility and legal weight of the claims asserted herein.

## D. PROCEDURAL FAILURES AND EVIDENTIARY SPOLIATION

1) Petitioner lawfully requested public records including body-worn camera footage, dispatch logs, and incident reports related to the September 8, 2023 incident. These were either withheld or reported as nonexistent, despite legal obligations under N.C.G.S. §§ 132-1 and 121-5. The destruction or concealment of public records constitutes spoliation

and supports a presumption of bad faith under *Silvestri v. General Motors Corp.*, 271 F.3d 583 (4th Cir. 2001).
2) Petitioner's affidavit of harm, which was notarized and served under seal, received no rebuttal, investigation, or communication from the Town of Spencer. This silence amounts to constructive default under maxims of equity—*he who fails to deny, confesses*—and evidences an attempt to suppress lawful remedy and shield official wrongdoing.

## E. RETALIATION, HARASSMENT, AND PATTERN OF DISCRIMINATION

1) On July 4, 2024, Officer Jayce Dryden conducted a stop and citation based on false claims of license invalidity, despite being presented with valid credentials. The timing and conduct of this stop indicate retaliation for Petitioner's exercise of rights, violating the First and Fourteenth Amendments as interpreted in *Hartman v. Moore*, 547 U.S. 250 (2006).
2) The convergence of false charges, property deprivation, document suppression, and retaliatory harassment reveals a systemic pattern of selective enforcement, intended to intimidate and destabilize Petitioner. This pattern supports claims under 42 U.S.C. §§ 1983 and 1985(3), and reflects actionable misconduct under both law and equity.

## F. REMEDY AND JURISDICTIONAL CONSEQUENCES

1) Petitioner is entitled to a trial by jury under Article I, Section 25 of the North Carolina Constitution and the Seventh Amendment to the United States Constitution. The nature of the claims—torts, contract violations, constitutional deprivations—requires adjudication by a body of peers under the common law tradition.
2) Equity demands more than legal remedy. A constructive trust should be imposed upon property wrongfully seized. Declaratory judgment is warranted to clarify Petitioner's rights. Full restitution is due for commercial loss, legal fees, and reputational injury. Punitive damages are appropriate where the misconduct was knowing, deliberate, and coordinated.
3) Finally, the Town of Spencer is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for its failure to supervise, investigate, or remedy the unlawful conduct of its officers, and for policies or customs that affirmatively contributed to Petitioner's injuries

## V. PRAYER FOR LAWFUL AND EQUITABLE RELIEF

To this honorable Court of Record, sitting in original jurisdiction over matters of rights, contract, and injury, Petitioner, a private sui juris man, lawfully stands and affirms the following demands for remedy in law and equity, not as plea for favor, but as rightful claim for harm suffered and wrongs unrebutted:

1) A **declaration of right and wrong**, recognizing that:
a. The detention of Petitioner on September 8, 2023, was without lawful cause, without warrant, and in violation of the Constitution of North Carolina and the Constitution for the United States of America;
b. The seizure of Petitioner's commercial vehicle—lawfully held under private contract—was executed without due process and contrary to the law of the land;

c. The charges brought under Case No. 23CR407372 were issued without verified complaint, without probable cause, and in misuse of criminal process for private dispute resolution;

d. The July 4, 2024 stop leading to citation #36J8913 was an act of retaliatory enforcement, violating Petitioner's right to petition and to be secure in his liberty;

e. The refusal to preserve public records, and the failure to respond to a lawful affidavit of harm, constitute constructive fraud, fiduciary breach, and estoppel by silence.

2) A **decree of equitable remedy**, requiring:

a. Full **restoration of Petitioner's commercial and contractual position** prior to the September 8, 2023 interference, including restitution of the 2019 Peterbilt 579 or its full fair-market equivalent, and any lost revenue traceable to Respondents' interference;

b. The imposition of a **constructive trust** over all benefit, use, or economic gain that accrued to any party through the unlawful seizure, detention, or prosecution of Petitioner;

c. Formal **record correction or expungement** of any unlawful charge or entry relating to Case No. 23CR407372;

d. A permanent **injunction** restraining Respondents from further interference with Petitioner's liberty, contract, property, or travel, absent sworn affidavit, judicial warrant, or lawful authority.

3) A **finding of breach of fiduciary duty**, and public dishonor, resulting from:

a. The Town of Spencer's failure to investigate or rebut the notarized affidavit of fact and harm served upon its agents;

b. The destruction, withholding, or concealment of public records lawfully requested and presumed to exist under N.C.G.S. §§ 132-1 and 121-5;

c. The Town and its officers' refusal to communicate, investigate, or mitigate ongoing harm, constituting **constructive fault in equity**.

4) A trial by a jury of the people, in accordance with:

a. **Article I, Section 25** of the North Carolina Constitution, securing the right to trial by jury in all controversies at law involving liberty, reputation, or property;

b. The **Seventh Amendment** to the United States Constitution, which affirms this right in matters exceeding twenty dollars where equity and law intersect.

5) Such further **remedy in law or equity** as this Court, bound by oath and principle, finds necessary to restore that which was taken, correct that which was falsified, and uphold that which the Constitution secures, without favor, prejudice, or delay.

*Signed & Filed on 06-05-25*
*By All.*

*Mark (signature)*

Mack Anthony Augostus Taylor Jr.