# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARK ANTHONY AUGUSTUS       )
TAYLOR, JR.,                )
                            )
            Plaintiff,      )
                            )
     v.                     )        1:25CV581
                            )
TOWN OF SPENCER, et al.,    )
                            )
            Defendants.     )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned Magistrate Judge for review of "[P]laintiff's implicit requests [for the Clerk] to issue summonses to the North Carolina Administrative Office of the Courts and Rowan County" (Docket Entry 13 at 3 (internal citations omitted) (citing Docket Entry 10-1)). (See id. ("referr[ing said requests] to the Magistrate Judge").) Because Plaintiff did not submit properly completed summons forms for Defendants North Carolina Administrative Office of the Courts ("NCAOC") and Rowan County, the Court should order the Clerk not to issue the requested summonses. Furthermore, because Plaintiff's claims against Defendants NCAOC and Rowan County suffer from obvious, fatal, legal defects, the Court should dismiss those claims as frivolous.

## INTRODUCTION

Plaintiff commenced this action by filing in state court a pro se "Petition for Constitutional Violation, Equitable Relief, and

Demand for Jury Trial" (Docket Entry 2 at 1),[1] against the Town of Spencer and four of its police officers (see id.), asserting, inter alia, claims "under 42 U.S.C. §§ 1983 and 1985(3), to remedy constitutional violations" (id. at 7-8), including (A) Plaintiff's "unlawful seizure in violation of the Fourth Amendment" (id. at 9), (B) "warrantless seizure of [his] commercial vehicle . . . without judicial order, lawful complaint, or probable cause" (id. at 10), in contravention of "the Fourteenth Amendment's Due Process Clause" (id.), (C) "perversion of the criminal justice system, violating [] the Fourteenth Amendment" (id.) and "constitut[ing] a civil conspiracy to deprive [him] of his rights under [Section] 1985(3)" (id.), and (D) "retaliation for [his] exercise of rights, violating the First and Fourteenth Amendments" (id. at 11; see also id. at 1 (declaring that four named officers "are liable in both individual and official capacities"), 11 ("[T]he Town of Spencer is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for its failure to supervise, investigate, or remedy the unlawful conduct of its officers, and for policies or customs that affirmatively contributed to [his] injuries[.]")).

After Defendants removed this action to this Court (see Docket Entry 1) and moved to dismiss (see Docket Entry 6), Plaintiff filed the First Amended Complaint, dropping the four officers as

---

[1] Quotations from Plaintiff's filings omit all-caps and bold font.

Defendants and adding Defendants Rowan County and NCAOC (see Docket Entry 10 at 3-4 (listing only Plaintiff, Town of Spencer, Rowan County, and NCAOC in section labeled "Parties" (italics omitted)); see also id. at 1 (same as to caption), 2 ("formally join[ing] additional Defendants Rowan County . . . and [NCAOC]"); but see, e.g., id. at 4-5 (discussing said four officers in "Factual Background" section and describing each as "sued in his official capacity" (italics omitted)). The First Amended Complaint does not purport to hold Defendants NCAOC and Rowan County liable for Plaintiff's first four claims for relief. (See id. at 12-17 (omitting Defendants NCAOC and Rowan County from lists of those "[a]gainst" whom Plaintiff asserted said claims).)

The "Fifth Claim for Relief" (id. at 17), entitled "Institutional Liability for Unconstitutional Detention and Systemic Due Process Violations" (id. (italics omitted)), however, does state that it lies "[a]gainst[ Defendant] Rowan County" (id. at 18; see also id. at 18-19 ("[Defendant] Rowan County . . . failed to ensure lawful processing of arrests, filings, and habeas corpus petitions, resulting in prolonged and unlawful detention of Plaintiff . . . . This prolonged detention without due process violates the Fourth and Fifth Amendments . . . .")). Additionally, Plaintiff asserted the "Sixth Claim for Relief" (id. at 19), for "Denial of Access to Court and [] Systemic Judicial Obstruction" (id. (italics omitted)), "[a]gainst[ Defendant NCAOC]" (id.; see

-3-

also id. at 20-21 ("[Defendant] NCAOC failed to modernize or implement necessary safeguards to ensure timely assignment, review, or disposition of habeas petitions and constitutional filings submitted by detainees. . . . As a result, Plaintiff was . . . denied access to court, legal review, or meaningful remedy for over two months. . . . [Defendant] NCAOC's archaic and ineffective administrative regime functionally suspended habeas corpus rights in violation of both federal constitutional mandates and the public's right to lawful remedy.")). Plaintiff lodged his (final) "Seventh Claim for Relief" (id. at 21), for "Constitutional Torts, Fiduciary Breach, and Emotional Distress" (id. (italics omitted)), "[a]gainst [Defendants] Town of Spencer, Rowan County, [and NCAOC]" (id.; see also id. at 22 (alleging that "Defendants collectively subjected Plaintiff to a sustained course of unconstitutional conduct, including: [w]arrantless seizure of property and person; [d]eprivation of court access and suppression of habeas relief; [a]rbitrary confinement without hearing, counsel, or judicial review; [m]alicious prosecution initiated without probable cause; [and d]enial of business rights and destruction of commercial viability" (internal bullet points omitted))).

Plaintiff attached to the First Amended Complaint two incomplete summons forms. (See Docket Entry 10-1 at 1-2.) More specifically, the first summons form denotes "NCAOC" in the caption's line for "Defendant(s)" (id. at 1), but – in the blank

-4-

following the line "To: (Defendant's name and address)" (id.) –
that summons form lists no name (see id.; see also id. (listing
address of "114 W. Edenton St.[,] Raleigh, NC, 27602-0629" in that
blank with words "Attorney General Office" written off to the
side)). In addition, Plaintiff failed to complete that summons
form's blank intended for him to notify the recipient about where
and to whom the recipient "must serve on [ P]laintiff an answer to
the attached complaint or a motion under Rule 12 of the Federal
Rules of Civil Procedure" (id.). (See id. (providing no
information after prompt for identification of "[P]laintiff or
[his] attorney, whose name and address are:").) The second summons
form similarly references "Rowan County" in the caption's line for
"Defendant(s)" (id. at 2), while again mentioning no name in the
blank for the recipient (see id.; see also id. (giving address of
"130 W. Innes Street[,] Salisbury, NC 28144" in that blank with
words "Rowan County County Manager" written off to the side)).
And, as with the first summons form, the second summons form
contains no "name and address" (id.) to whom and at which "[t]he
answer or [responsive] motion must be served" (id.). (See id.)

The Court (per Chief/Senior United States District Judge
Catherine C. Eagles) thereafter entered an Order (Docket Entry 13),
in which she noted that "[P]laintiff ha[d] not responded to the
motion to dismiss" (id. at 1), but "ha[d] filed [the First A]mended
[C]omplaint as allowed by Federal Rule of Civil Procedure

-5-

15(a)(1)(B)" (id. (citing Docket Entry 10)). That Order explains that (A) "[t]he evidence submitted by the [officer] defendants named in the original complaint . . . shows that they ha[d] never been served with process" (id.) and (B) "nothing on the docket reflect[ed] that [ P]laintiff ever requested that summonses be issued to those defendants . . . [or that he filed] proof of service" (id.). After observing, inter alia, that "[t]he [officer] defendants are no longer listed as defendants in the caption of the [First A]mended [C]omplaint" (id. at 2 (citing Docket Entry 10 at 1)) and that "neither" (id.) of the "summons[ forms attached] to [the First A]mended [C]omplaint . . . is directed to any [officer] defendant" (id. (citing Docket Entry 10-1)), Chief/Senior Judge Eagles concluded that "dismissal without prejudice as to the [officer] defendants [wa]s appropriate" (id. at 3). "As to [D]efendant Town of Spencer, the motion to dismiss [wa]s otherwise denied as moot, without prejudice to renewed motions to dismiss if warranted." (Id. (all-caps and bold font omitted); see also id. ("[P]laintiff has filed [the First A]mended [C]omplaint as of right. Therefore, the motion to dismiss the original complaint for failure to state a claim will be denied as moot . . . ." (internal citation omitted)).) Lastly, "[P]laintiff's implicit requests [for] issu[ance of] summonses to [Defendants NCAOC] and Rowan County [we]re referred to the [undersigned] Magistrate Judge." (Id. (internal citations omitted).)

-6-

To obtain service of process on a defendant, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). "The plaintiff is responsible for having the summons and complaint served within the time allowed by [Federal] Rule [of Civil Procedure] 4(m) . . . ." Id. Accordingly, "[o]n or after filing [a] complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b) (emphasis added). Among other things, to qualify as "properly completed," id., "[a] summons must . . . be directed to the defendant[ and ] state the name and address of the plaintiff's attorney or – if unrepresented – of the plaintiff," Fed. R. Civ. P. 4(a)(1). Here, as documented in the Introduction, Plaintiff submitted summons forms along with the First Amended Complaint, "but he only partially completed them," Stewart v. Bishop, No. 0:24CV3606, 2024 WL 5290907, at *5 (D.S.C. Aug. 29, 2024) (unpublished), recommendation adopted, 2024 WL 5054919 (D.S.C. Dec. 9, 2024) (unpublished).

"[Federal] Rule [of Civil Procedure] 4(b) . . . states that the Clerk is not required to sign, seal or issue a summons unless it is 'properly completed.'" Martinez v. Deutsche Bank Nat'l Tr. Co., No. 5:11CV580, 2012 WL 140496, at *2 (M.D. Fla. Jan. 18, 2012) (unpublished) (quoting Fed. R. Civ. P. 4(b)). In this case, "the

-7-

[C]lerk cannot sign, seal, and issue the [proposed] summonses because Plaintiff has not included [1] Defendants' names . . . or [2] his name and address." Stewart, 2024 WL 5290907, at *5. Nor, as concerns the first of those two defects, i.e., Plaintiff's failure to comply with the requirement that "[a] proper summons [must] contain[] the correct name of the defendant [so that it can be] directed to the defendant," Newton v. BBVA, No. 4:21CV574, 2022 WL 18141394, at *4 (E.D. Tex. Nov. 30, 2022) (unpublished), recommendation adopted, 2023 WL 114216 (E.D. Tex. Jan. 5, 2023) (unpublished), could the Court deem the summons forms submitted by Plaintiff "properly completed," Fed. R. Civ. P. 4(b), simply because their captions include the names of Defendants NCAOC and Rowan County (see Docket Entry 10-1 at 1-2). To the contrary, service on such entities, i.e., "state-created governmental organization[s]," Fed. R. Civ. P. 4(j)(2),[2] requires "delivering a copy of the summons and of the complaint to [the governmental organization's] chief executive officer; or [] serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant," id. (emphasis added).

---

[2] North Carolina law has "established a State office to be known as the Administrative Office of the Courts," N.C. Gen. Stat. § 7A-340, as well as "100 counties," N.C. Gen. Stat. § 153A-10, including "Rowan," id.; see also Davidson Cnty. v. City of High Point, 321 N.C. 252, 257, 362 S.E.2d 553, 557 (1987) ("Counties . . . exist solely as political subdivisions of the State and are creatures of statute.").

-8-

Under North Carolina law, all authorized means for service "[u]pon an agency of the State," N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(a), like Defendant NCAOC, mandate the direction of the summons (whether for personal delivery or via approved mail/common carrier method) "to the <u>process agent</u> appointed by the agency," <u>id.</u> (emphasis added). <u>See, e.g.,</u> <u>Gaddy v. University of N.C. Health Care Sys.</u>, No. 23CV938, 2024 WL 4950173, at *3 (M.D.N.C. Dec. 3, 2024) (unpublished) (Schroeder, J.) ("North Carolina law instructs that an agency of the state must be served by directing the summons and complaint to its process agent."); <u>see also</u> N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(b) ("Every agency of the State shall appoint a process agent by filing with the Attorney General the name and address of an agent upon whom process may be served.").[3]  As to service "[u]pon a county," N.C. Gen. Stat. § 1A-1, Rule 4(j)(5)(b), North Carolina law limits the direction of all permitted forms of service to the "county manager or to the chairman, clerk or any member of [its] board of commissioners," <u>id.</u> <u>See, e.g.,</u> <u>Fuller v. Dixon</u>, No. 7:21CV40, 2022 WL 3328877, at *4 (E.D.N.C. Aug. 11, 2022) (unpublished) (observing that, for counties, "North Carolina permits service of process on the county manager or to the chairman, clerk or any member of the board of commissioners for

---

[3] Defendant NCAOC has appointed a process agent and has filed the required notice with the North Carolina Attorney General. <u>See</u> https://ncdoj.gov/legal-services/legal-resources/process-agent-directory (last visited Oct. 7, 2025).

such county" (internal quotation marks omitted)), aff'd, No. 22-2231, 2024 WL 2874281 (4th Cir. June 7, 2024) (unpublished).

Plainly stated, service on an entity (such as Defendants NCAOC and Rowan County) must go to an agent of such entity "and[,] when the defendant is being served through its agent, the summons should state the agent's name and address." Newton, 2022 WL 18141394, at *4 (emphasis added) (internal quotation marks omitted); see also RPR & Assocs., Inc. v. State, 139 N.C. App. 525, 531, 534 S.E.2d 247, 252 (2000) (explaining that summons for state agency should list name of state agency followed by name and address of "Registered Agent" prefaced with notation of "c/o"), aff'd, 353 N.C. 362, 543 S.E.2d 480 (2001). The summons forms tendered by Plaintiff do not comply with that requirement because (as the Introduction documents) they do not direct service to (A) Defendant NCAOC along with the name and address of its "chief executive officer," Fed. R. Civ. P. 4(j)(2), or "the process agent appointed by [Defendant NCAOC]," N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(a), or (B) Defendant Rowan County along with the name and address of its "chief executive officer," Fed. R. Civ. P. 4(j)(2), "its county manager[,] or [] the chairman, clerk or any member of [its] board of commissioners," N.C. Gen. Stat. § 1A-1, Rule 4(j)(5)(b). See Styles v. McDonalds Rest., No. 4:17CV791, 2019 WL 2266636, at *4 (E.D. Tex. Jan. 28, 2019) (unpublished) ("[I]t is [the p]laintiff's responsibility to find and to provide [the d]efendant's agent for

-10-

service and correct address for preparing summons, so that . . . summons may issue; it is not the clerk's office['s] responsibility to research and supply this information."), recommendation adopted, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019) (unpublished); see also Kenyatta v. Chalmers-Judd Land Enters., LLC, No. 1:25CV323, 2025 WL 2378989, at *3 (M.D.N.C. Aug. 15, 2025) (unpublished) (Eagles, C./S.J.) (ruling attempted service "not valid" where the plaintiff failed to show "that service was [directed to] one of the designated persons" under Federal Rule of Civil Procedure 4(j)(2)).

Ordinarily, given Plaintiff's pro se status, the Court might grant him another chance to submit properly completed summons forms for Defendants NCAOC and Rowan County, in order to obtain summonses for and to make service on them, but "the Court [should] find[] that granting Plaintiff[] additional time for service[-related activities] would be futile because the[ First Amended] Complaint is [as to Defendants NCAOC and Rowan County] fatally defective in that it sets forth frivolous claims [against them] which cannot be remedied by amendment." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 521 (D. Conn. 2015) (internal quotation marks omitted), aff'd sub nom., Gonzalez v. Deutsche Bank Nat'l Tr. Co., 632 F. App'x 32 (2d Cir. 2016); see also Faison v. Vickers, No. 2:23CV1437, 2025 WL 346520, at *3 (W.D. Wash. Jan. 30, 2025) (unpublished) (directing "[c]lerk of [c]ourt not to issue a signed, sealed summons to [the plaintiff] until the [c]ourt finds that [he]

-11-

has . . . stated a claim on which relief may be granted"); <u>Stern v. Epps</u>, No. 2:08CV33, 2008 WL 4793720, at *2 (S.D. Miss. Oct. 29, 2008) (unpublished) (denying "request . . . for summons," where "[the p]laintiff ha[d] failed to allege facts that would entitle him to relief against such parties"). To that end, apart from any statutory provision requiring federal courts to dismiss frivolous claims sua sponte in certain contexts, <u>see, e.g.</u>, 28 U.S.C. § 1915(e)(2)(B)(i), "there is little doubt they would have power to do so even in the absence of [such a] statutory provision," <u>Mallard v. United States Dist. Ct. for S. Dist. of Iowa</u>, 490 U.S. 296, 308 (1989); <u>see also, e.g.</u>, <u>Ross v. Baron</u>, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court . . . ."); <u>Brown v. Maynard</u>, Civ. No. 11-619, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011) (unpublished) ("[I]t is well established that a court has broad inherent power sua sponte to dismiss an action, or part of an action, which is frivolous . . . ." (italics omitted)).

"In addition, because [the C]ourt lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." <u>Ross</u>, 493 F. App'x at 406 (citing <u>Ricketts v. Midwest Nat'l Bank</u>, 874 F.2d 1177, 1181–83 (7th Cir. 1989), and <u>Franklin v. Oregon, State Welfare Div.</u>, 662 F.2d 1337, 1342–43 (9th Cir. 1981)); <u>accord</u> <u>Yi v. Social Sec. Admin.</u>, 554 F. App'x 247, 248 (4th Cir. 2014); <u>see also, e.g.</u>, <u>Constantine</u>

-12-

v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) ("A federal court has an independent obligation to assess its subject-matter jurisdiction, and it will raise a lack of subject-matter jurisdiction on its own motion." (internal quotation marks omitted)).  Indeed, "[o]ver the years [the Supreme] Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."  Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). Put another way, "where a claim is obviously without merit, *Hagans* precludes a federal district court from exercising its jurisdiction."  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); see also Davis v. Pak, 856 F.2d 648, 651 (4th Cir. 1988) ("*Hagans* stands for the proposition that federal courts are without jurisdiction to hear frivolous constitutional claims.").

Starting with Plaintiff's claims against Defendant Rowan County, the Court should reject those claims because they rest on a frivolously false foundation, i.e., that "Defendant Rowan County . . . oversee[s] the Rowan County Sheriff's Office, Rowan County Jail, and Rowan County Clerk of Superior Court."  (Docket Entry 10 at 5; see also id. at 19 (errantly alleging that "[Defendant] Rowan County is responsible for overseeing the Rowan County Detention

-13-

Center, Clerk of Court operations, and Sheriff's Office all of which contributed to the unlawful detention of Plaintiff" and that "[t]hese offices and departments operated under [Defendant Rowan] County's direct authority and policy control").)  Even a cursory review of applicable law reveals the patent falsity of Plaintiff's premise; for example, precedent dating back more than a quarter century recognizes that, under North Carolina law, "[s]heriffs run the county jails in North Carolina."  Knight v. Vernon, 214 F.3d 544, 545 (4th Cir. 2000); see also N.C. Gen. Stat. § 162-22 ("The sheriff shall have the care and custody of the jail in his [or her] county; and shall be, or appoint, the keeper thereof.").  Further, Defendant Rowan County does not hire the sheriff who runs the jail in Rowan County; "[c]ounty residents hire the sheriff (through election) . . . ."  Harter v. Vernon, 101 F.3d 334, 341 (4th Cir. 1996).  Moreover, under North Carolina law, "the sheriff has freedom 'to hire, discharge and supervise the employees in his [or her] office.'"  Id. (quoting N.C. Gen. Stat. § 153A-103(1)).  In fact, the governing statute grants the sheriff "the exclusive right to hire, discharge, and supervise the employees in his [or her] office."  N.C. Gen. Stat. § 153A-103(1) (emphasis added).

Consistent with the foregoing, controlling authority, members of this Court and other federal courts in North Carolina repeatedly have held that, where (as here) claims brought against a county depend on "allegations that implicate [the actions of a c]ounty

-14-

[s]heriff's [o]ffice," <u>Lewis v. Hoke Cnty.</u>, No. 1:17CV964, 2024 WL 4988917, at *8 (M.D.N.C. June 12, 2024) (unpublished) (Webster, M.J.), <u>recommendation adopted</u>, 2024 WL 4850413 (M.D.N.C. Nov. 21, 2024) (Osteen, J.), "[the c]ounty is not the proper party to bring suit against," <u>id.</u> (collecting cases), and "[the c]ounty is entitled to dismissal as a matter of law," <u>id.</u>; <u>accord, e.g.</u>, <u>Jones v. Forsyth Cnty.</u>, No. 1:25CV78, 2025 WL 1184167, at *2 (M.D.N.C. Mar. 5, 2025) (unpublished), <u>recommendation adopted</u>, 2025 WL 1180277 (M.D.N.C. Apr. 23, 2025) (unpublished) (Schroeder, J.); <u>Evans v. Guilford Cnty. Det. Ctr.</u>, No. 1:13CV499, 2014 WL 4641150, at *2 (M.D.N.C. Sept. 16, 2014) (unpublished) (Peake, M.J.), <u>recommendation adopted</u>, slip op. (M.D.N.C. Sept. 16, 2015) (Tilley, S.J.), <u>appeal dismissed</u>, 616 F. App'x 84 (4th Cir. 2015); <u>Wiley v. Buncombe Cnty.</u>, 846 F. Supp. 2d 480, 486-87 (W.D.N.C.), <u>aff'd</u>, 474 F. App'x 285 (4th Cir. 2012); <u>Gorham v. County of Onslow</u>, No. 4:07CV114, 2008 WL 11381868, at *2 (E.D.N.C. Aug. 19, 2008) (unpublished); <u>Blair v. County of Davidson</u>, No. 1:05CV11, 2006 WL 1367420, at *7 (M.D.N.C. May 10, 2006) (unpublished) (Beaty, J.).

"To the extent that Plaintiff argues that [Rowan] County is responsible for the actions of [the Rowan County] Clerk['s Office], this claim must also fail." <u>Wiley</u>, 846 F. Supp. 2d at 487. In the well-chosen words of that decision:

> Pursuant to Article IV, § 9 of the North Carolina Constitution, the Clerk of Superior Court is also an elected office. Pursuant to N.C. Gen. Stat. § 7A-102, the Clerk appoints the assistants, deputies and other

-15-

employees in the clerk's office to serve at his [or her] pleasure. [Rowan] County has no authority to make policy for the Clerk of Court and/or his [or her] assistants. Plaintiff has failed to state a claim against [Rowan] County for [the Rowan County Clerk's Office's] actions.

Id.; see also, e.g., Morris-Wilkins v. Joyner, No. 5:24CV462, 2025 WL 2399241, at *12 (E.D.N.C. July 7, 2025) (unpublished) (recommending dismissal of claims against county for acts of clerk's office as such "clerks are state officials under [] North Carolina law, not county officials"), recommendation adopted, 2025 WL 2798504 (E.D.N.C. Sept. 30, 2025) (unpublished); Mack v. Fox, No. 1:07CV760, 2008 WL 4832995, at *6 (M.D.N.C. Nov. 4, 2008) (unpublished) (Dixon, M.J.) (recommending dismissal of claims against county where "[c]omplaint allege[d] constitutional violations as a result of the policy . . . and the actions of [state] judicial officials," because any such "violations did not arise out of an official policy or custom of [the c]ounty"), recommendation adopted, 2008 WL 7674789 (Dec. 10, 2008) (unpublished) (Tilley, J.).

In sum, Plaintiff cannot proceed against Defendant Rowan County on his Fifth and Seventh Claims for Relief because, as a consequence of the above-discussed, well-established law, he cannot show that Defendant Rowan County bears responsibility for (A) any alleged "failure to ensure ministerial compliance with habeas corpus filing protocols, detention review procedures, and jurisdictional hearings [which] created a foreseeable and direct

-16-

constitutional injury" (Docket Entry 10 at 19), or (B) any alleged "fail[ure] to train, supervise, or discipline agents whose conduct predictably led to [any constitutional harm and/or] . . . to remediate the harm" (id. at 22), respectively.

Plaintiff's claims against Defendant NCAOC (i.e., the Sixth and Seventh Claims for Relief) fare no better.  North Carolina law "established [the NCAOC as] a State office," N.C. Gen. Stat. § 7A-340, and "in the absence of consent a suit in which [a] State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment," Pennhurst State Sch, & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Plaintiff's claims against Defendant NCAOC do not allege facts showing that North Carolina waived its immunity under the Eleventh Amendment for such claims. (See Docket Entry 10 at 19-23.)  "Under the Eleventh Amendment, therefore, the [C]ourt has no jurisdiction to entertain Plaintiff's [Section] 1983 and 1985 claims against the State of North Carolina [or any of] its agencies."  D'Alessandro v. North Carolina, No. 5:14CV16, 2014 WL 2535222, at *2 (E.D.N.C. Mar. 27, 2014) (unpublished) (recommending dismissal of "claims against the State of North Carolina . . . and the North Carolina Administrative Office of the Courts"), recommendation adopted, 2014 WL 2547696 (E.D.N.C. June 5, 2014) (unpublished); accord Olavarria v. North Carolina Admin. Off. of the Cts., No. 5:15CV577, 2015 WL 10477546, at *2 (E.D.N.C. Dec. 3, 2015) (unpublished), recommendation

-17-

adopted, 2016 WL 1060238 (E.D.N.C. Mar. 14, 2016) (unpublished);

see also Sullivan v. Cannady, No. 7:12CV69, 2012 WL 4829616, at *5

(E.D.N.C. Oct. 10, 2012) (unpublished) (dismissing "claims against

the State of North Carolina by and through . . . [NC]AOC Director"

as barred by Eleventh Amendment).[4]

## CONCLUSION

Plaintiff did not properly complete summons forms for

Defendants NCAOC and Rowan County.  Even more importantly, obvious,

fatal, legal deficiencies make his claims against them frivolous.

**IT IS THEREFORE RECOMMENDED** that the Court (A) direct the

Clerk not to issue the requested summonses (Docket Entry 10-1), and

(B) dismiss any claim(s) against Defendants NCAOC and Rowan County

in the First Amended Complaint (Docket Entry 10).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 10, 2025

---

[4] The First Amended Complaint notes that the "Ex [P]arte Young [doctrine] permits suits against state officials in their official capacity for injunctive relief to halt ongoing constitutional violations" (id. at 20), but Plaintiff's detention ended long ago (upon dismissal of the charges against him) (see id. at 11).  As a result, "Plaintiff's requests for declaratory and injunctive relief appear to be moot because [he] is no longer in [] custody." Torres v. North Carolina Dep't of Pub. Safety, No. 1:24CV112, 2024 WL 4683300, at *2 (W.D.N.C. Nov. 5, 2024) (unpublished); accord Sullivan, 2012 WL 4829616, at *5 n.5.

-18-